## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**LASHAWN JACKSON**

     Plaintiff,

**v.**                               **CASE NO.:**

**GTG-JAX, LLC,**

     Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff LASHAWN JACKSON (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant GTG-JAX LLC (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

1.    This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from sexual harassment as well as gender and racial discrimination, and retaliation, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional

distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2.     Plaintiff was hired by Defendant in or around June 2013.

3.     At the time of her termination in July 2019, Plaintiff worked for Defendant as a S.R. Quality Technician.

4.     Defendant GTG-JAX, LLC, owns, controls, and operates a paper manufacturing business in the state of Florida including the location where Plaintiff was employed.

## JURISDICTION & VENUE

5.     Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims.

7.     The acts and omissions giving rise to this action occurred in Jacksonville, Florida.

8.     Defendant conducts business in Jacksonville, Florida.

9.     Plaintiff was employed with Defendant in Jacksonville, Florida.

2

10.     Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11.     This is an action at law raises a federal question under federal law.

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13.     Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14.     Plaintiff is an African American female individual who suffered sexual harassment, discrimination based on her race and gender and retaliation.

15.     Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

16.     Plaintiff was qualified for her position of employment as a S.R. Quality Technician.

17.     The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 16, 2020.

20.     The EEOC issued a Notice of Right to Sue on April 5, 2021.

21.     Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

22.     Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

23.     Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTUAL ALLEGATIONS

24.     Plaintiff began her employment with Defendant in June 2013.

25.     Plaintiff is an African-American female.

26.     Plaintiff was a long-term employee of Defendant with no significant disciplinary or performance issued.

27.     Plaintiff was in good standing as an employee.

28.     Plaintiff was subjected to continuous sexual harassment by supervisors including Thomas Bailey, Daniel David, and Michael Ivey.

29.     Specially, Plaintiff experienced near daily sexual advances, sexual comments and unwelcomed physical touching of Plaintiff's breast and other body parts.

4

30.     Thereafter, in or around July 2017, Plaintiff complained to Defendant several times regarding the sexual harassment she was experiencing under Thomas Bailey.

31.     Nothing was done regarding Plaintiff's complaints about the sexual harassment.

32.     Instead, Defendant began retaliating against the Plaintiff for engaging in the protected activity of complaining regarding sexual harassment by a supervisor in the workplace.

33.     Defendant's management, including James Turner, Daniel David, and Michael Ivey, would single out Plaintiff in retaliation for her complaints of sexual harassment and began issuing unfounded "write-ups" and/or other unsubstantiated disciplinary actions against Plaintiff.

34.     What is more, Plaintiff began experiencing racial discrimination as well.

35.     Specially, Plaintiff's supervisors began making racial comments to Plaintiff and treating her differently because of her race.

36.     Even after Plaintiff's complaints, the sexual harassment continued with other bad actors. From approximately 2018 until the time of Plaintiff's termination, Ivey constantly made comments regarding Plaintiff's breasts and other sexually explicit commentaries.

37.     Additionally, over Plaintiff's objection, employees were allowed to disseminate sexually explicit materials in the workplace to their co-workers, including Plaintiff.

38.     Despite Plaintiff's complaints requests to David that the illegal behavior stop, nothing was done.

39.     Additionally, Defendant's management made references to the texture of Plaintiff's hair and other racists comments.

40.     The comments and behavior to which Plaintiff was subjected to were solely on the basis of her race (African-American), gender (Female) and in retaliation for Plaintiff's complaints of sexual harassment.

41.     In or around July 29, 2019, Plaintiff was terminated for alleged violations to Defendant's absenteeism and punctuality policies.

42.     Defendant's reason for termination was pre-textual.

43.     Defendant treated individuals outside of Plaintiff's protected class more favorably.

44.     Prior to complaining of sexual harassment, Plaintiff had no substantive performance or disciplinary issues.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

45.     Plaintiff realleges and adopts allegations contained in paragraphs 1-27, and 40 – 44, as though fully stated herein.

46.    Plaintiff is a member of a protected class because she is female.

47.    At all material times, Plaintiff was qualified to perform her job duties.

48.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

49.    Defendant did not subject the male employees to discriminatory treatment.

50.    Plaintiff suffered an adverse employment action when she was terminated.

51.    The discrimination to which Plaintiff was subjected was based on her gender.

52.    Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

53.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an

award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

55.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

56.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.    judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.    compensatory damages;

e.    judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.    judgment interest, and, if applicable, post-judgment interest;

g.    reasonable attorneys' fees and litigation expenses against Defendant; and

h.    any additional relief that this Court deems just.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF FCRA

57.    Plaintiffs realleges and adopts all allegations contained within paragraphs 1 – 27 and 40 – 44 as though fully stated herein.

58.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

59.    Defendant discriminated against Plaintiff based on her gender.

60.    Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

61.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

62.    At all material times, Plaintiff was qualified to perform her job duties.

63.    Defendant discriminated against Plaintiff because of her gender.

64.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

65.    The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT III
## RACE DISCRIMINATION UNDER TITLE VII

66.    Plaintiffs realleges and adopts all allegations contained within paragraphs 1 - 27, 34 – 35, and 39 - 43, as though fully stated herein.

67.    Defendant discriminated against Plaintiff based on her race.

68.    Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

69.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

70.    The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT IV
## RACE DISCRIMINATION IN VIOLATION OF FCRA

71.    Plaintiff realleges and adopts all allegations contained within paragraphs 1 - 27, 34 – 35, and 39 - 43, as though fully stated herein.

72.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

73.    Defendant discriminated against Plaintiff based on her race.

74.    Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

75.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

76.    At all material times, Plaintiff was qualified to perform her job duties.

77.    The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

**COUNT V**
**SEXUAL HARASSMENT OF PLAINTIFF**
**IN VIOLATION OF TILTE VII**

78.    Plaintiff realleges and adopts all allegations contained within paragraphs $1 – 27$, $28 – 31$, 36 - 38, and $40 – 43$, as though fully stated herein.

79.    Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant, which was perpetuated upon her by Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of her gender.

80.    Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing and discriminatory conduct, but Defendant failed to take any appropriate corrective actions.

81.    This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

82.     During the times referenced herein, Plaintiff was subject to constant comments regarding Plaintiff's breasts and other sexually explicit commentaries.

83.     During the times referenced herein, male employees were allowed to disseminate sexually explicit materials in the workplace to their co-workers, including Plaintiff.

84.     Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation of Plaintiff's rights.

85.     During the course of her employment Plaintiff was forced work in a sexual discriminatory and hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

86.     Defendant's management was aware of the hostile work environment and acquiesced in the environment.

87.     Defendant's actions were open and obvious.

88.     As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT VI
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF FCRA

89.    Plaintiff realleges and adopts all allegations contained within paragraphs $1 - 27$, $28 - 31$, 36 - 38, and $40 - 43$, as though fully stated herein.

90.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

91.    Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant, which was perpetuated upon her be Defendants and Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of her gender

92.     Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing and discriminatory conduct, but Defendant failed to take any appropriate corrective actions.

93.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

94.     During the times referenced herein, Plaintiff was subject to constant comments regarding Plaintiff's breasts and other sexually explicit commentaries.

95.     During the times referenced herein, male employees were allowed to disseminate sexually explicit materials in the workplace to their co-workers, including Plaintiff.

96.     Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation of Plaintiff's rights.

97.     During the course of her employment Plaintiff was forced work in a sexual discriminatory and hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

98.    Defendant's management was aware of the hostile work environment and acquiesced in the environment.

99.    Defendant's actions were open and obvious.

100.    As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

**COUNT VII**
**RETALIATION IN VIOLATION OF TITLE VII**

101.    Plaintiff realleges and adopts allegations contained in paragraphs 1-27, 32 – 33 , 38 , and 40 – 44 , as though fully stated herein.

102.   Plaintiff engaged in statutorily protected activity when she complained to Defendant regarding the discriminatory behavior and sexual harassment against her.

103.   Plaintiff suffered an adverse employment action when she was subjected to unfounded discipline and ultimately terminated.

104.   A causal connection exists between the protected activity and the adverse action.

105.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of sexual harassment.

106.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

107.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

108.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

109.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

110.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a.      judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.      compensatory damages;

e.      judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

## COUNT VIII
## RETALIATION IN VIOLATION OF FCRA

111.   Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1-27, $32 - 33$ , $38$ , and $40 - 44$, as though fully stated herein.

112.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

113.   At all material times, Plaintiff was qualified to perform her job duties.

114.   Defendant retaliated against Plaintiff because of her complaints about sexual harassment.

115.   Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendant regarding sexual harassment.

116.   Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

117.   The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 29th day of June, 2021.

*/s/ Anthony J. Hall*
Anthony J. Hall, Esq.
FL Bar No. 40924
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com
*Attorneys for Plaintiff*